## (November 23, 1964)

■ In the Matter of PAUL LERNER, an Infant, by His Father JACK LERNER, et al., Respondents, v. DOROTHY SEIGEL et al., Defendants. HERBERT S. LAZAR, Appellant.— In a special proceeding: (a) to substitute attorneys for the prosecution of petitioners' impending causes of action to recover damages by reason of personal injuries sustained in an automobile accident; (b) to fix the lien of the former attorney, Herbert S. Lazar, Esq., for services rendered by him with respect to such causes of action; and (c) to require him to turn over to petitioners' new attorney all the documents and papers in his possession, the said attorney Lazar appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County, entered May 28, 1964, granting the application, as: (1) directed that upon payment of his disbursements he shall turn over all the said papers and documents to the new attorney; and (2) declared that the former attorney Lazar "shall not be entitled to any lien for his services" in connection with the said causes of action. No action had been commenced by such former attorney. Order modified on the law and the facts as follows: (1) by amending the third decretal paragraph so as to provide that upon payment of the sum of $300 to Herbert S. Lazar, in addition to his actual disbursements, he shall turn over to the new attorney, David Goldstein, all the papers and documents in his (Lazar's) possession relating to said causes of action; and (2) by amending the fourth decretal paragraph so as to provide that for his services the said Herbert S. Lazar shall be entitled to a retaining lien upon the papers and documents in his possession. As so modified, the order, insofar as appealed from, is affirmed, without costs but with disbursements to appellant Lazar, payable by petitioners Lerner. As security for the payment of his fee, every attorney has a common-law retaining lien upon the books and records in his possession. Such lien arises upon the rendition of services by the attorney, regardless of whether the attorney has commenced any action on his client's behalf; and such lien arises and exists independently of the rights created by statute (Judiciary Law, § 475). In the light of all the circumstances here, we believe $300 to be the reasonable

value of the services rendered by attorney Lazar. Accordingly, he is entitled to this sum, plus his actual disbursements, as a condition to the release of the security (the books and records) held by him by virtue of his retaining lien. Ughetta, Acting P. J., Christ, Brennan, Hill and Hopkins, JJ., concur.